IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-393-BO-RJ

| | | |
|---|---|---|
| CHRISTOPHER SAULS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's complaint seeking review of the final decision of the Commissioner of Social Security and entry of judgment in his favor. The appropriate briefs pursuant to the Supplemental Rules for Social Security have been filed, [DE 17, 19], and a hearing was held before the undersigned on February 15, 2024, at Edenton, North Carolina. In this posture, the matter is ripe for disposition. For the reasons that follow, the decision of the Commissioner is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed his application on May 3, 2020, alleging disability beginning November 16, 2019. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset date and met the insured status requirements through December 31, 2025, the ALJ found at step two that plaintiff had the following severe impairment: multiple sclerosis. The ALJ determined that this impairment did not meet or medically equal the severity of a Listing at step three. At step four, the ALJ found plaintiff had the RFC to perform a reduced range of light work and that plaintiff could not perform his past relevant work. The ALJ found at step five that, based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as routing clerk, photocopy machine operator, and price marker. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

Plaintiff argues that the ALJ failed to assess his multiple sclerosis (MS) related fatigue and that this failure requires remand. The Court agrees.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). In making an RFC determination, an ALJ must provide a narrative discussion which includes a "logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). An ALJ's decision "must [also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

The record contains numerous instances where plaintiff complained of fatigue. Indeed, the ALJ recited evidence that demonstrated plaintiff's complaints of fatigue, but she failed to provide any discussion as to why no accommodation for fatigue in plaintiff's RFC would be required. Fatigue is a common symptom of MS, *see, e.g., James B. C. v. Comm'r of Soc. Sec.*, No. 18-CV-1143-CJP, 2019 WL 1199834, at *5 n.4 (S.D. Ill. Mar. 14, 2019), and plaintiff was thus entitled to rely on his subjective complaints to establish the limiting effects of his fatigue. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020). Though the Commissioner argues that the ALJ identified that there is conflicting evidence in the record regarding plaintiff's activities, the ALJ nonetheless failed to discuss plaintiff's fatigue and why any limitations for fatigue were not considered. Accordingly, the Court is unable to meaningfully review the decision and remand is appropriate.

4

## CONCLUSION

The Court has conducted a full review of the record and decision in this matter. For the foregoing reasons, the decision of the Commissioner is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk shall enter judgment in favor of plaintiff and close the case.

SO ORDERED, this \_\_4\_\_ day of March 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE